IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANSEL KIM, as Independent Administrator of the Estate of CINDY YOUNG KIM, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08 C 6358 ) ) |
| MAZDA MOTOR OF AMERICA, INC., a/k/a MAZDA NORTH AMERICAN OPERATIONS; THE CITY OF CHICAGO, a municipal corporation; the COUNTY OF COOK, a body politic; and PETER CHOI, in his capacity as Independent Administrator of the ESTATE OF THOMAS CHOI, Deceased, | ) ) ) ) ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

In February of 2008, plaintiff Alice Chang brought an action in state court against several defendants, including defendants Mazda Motor of America, Inc., ("Mazda") and the City of Chicago (the "City"), claiming damages for fatal injuries her daughter suffered in an automobile accident on Lower Wacker Drive in Chicago.[1] Plaintiff is an Illinois citizen, as is each of the original defendants except for Mazda, which is a California corporation. By November 3, 2008, plaintiff had voluntarily dismissed all defendants except Mazda and the City. The following day, Mazda removed the action to this court. Mazda claimed that complete diversity existed because the City–the only remaining non-diverse defendant–had been fraudulently joined as a party. Plaintiff moves to remand to state

---

[1]Plaintiff Ansel Kim, whose daughter was killed in the same accident, brought a substantially similar action against the same defendants. Both plaintiffs sued on behalf of the estates of their respective decedents. The procedural history of these cases is identical, and the cases have been consolidated before this court. Plaintiff Kim adopts plaintiff Chang's motion for remand, and the present order resolves both motions.

court and further requests an award of attorney fees. For the reasons stated below, the court grants her motion to remand but denies her request for fees.

As a general matter, plaintiffs are entitled to select the forum in which to bring their claims. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (presumption that plaintiff may choose forum). Accordingly, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). In particular, a party seeking to remove a case involving non-diverse parties "must bear a heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). In this case, if the court concludes there is any reasonable possibility–after resolving all factual and legal issues in plaintiff's favor–that the state court would rule against the City, remand is appropriate. *Id*.

In her complaint, plaintiff asserts that the City voluntarily undertook a duty to correct deteriorated and dangerous conditions on Lower Wacker Drive by, *inter alia*, restoring the roadway infrastructure, improving access and safety, easing traffic flow, and "otherwise implementing modern roadway design and safety features." Plaintiff also alleges that the City breached this voluntarily assumed duty by, *inter alia*, failing to erect crash barriers at the accident site. The complaint characterizes this failure as a "ministerial omission."

Mazda argues that plaintiff cannot possibly prevail on this claim because the City is immune from liability under Section 3-104 of the Local Governmental and Governmental Employees Tort Immunity Act (the "Tort Immunity Act"), 745 ILCS 10/3-103. Section 3-104 immunizes local governments and public employees from liability for injuries caused by "the failure to initially provide regulatory traffic control devices....or *restraining devices or barriers*." (Emphasis added).

2

The Supreme Court of Illinois has held that this provision immunizes municipalities from liability for injuries arising, for example, out of the failure to put a left turn arrow for southbound traffic at an intersection that had a left turn arrow for northbound traffic. *West v. Kirkham*, 147 Ill.2d 1, 6, 588 N.E.2d 1104 (Ill. 1992).

It is too early, however, to conclude that the City is immune from liability under the Tort Immunity Act. The parties dispute the nature and scope of the plan of improvements (if any) the City undertook (or did not undertake) to correct dangerous conditions on Lower Wacker Drive. This dispute is relevant to the issue of immunity, as the state court evidently perceived when it stayed the City's motion to dismiss (which asserted immunity as the only ground for dismissal) pending completion of discovery. Indeed, none of the Illinois Supreme Court cases cited by the parties barred the plaintiffs' claims based on statutory immunity prior to the completion of discovery. *See, e.g.*, *West v. Kirkham*, 147 Ill.2d 1, 588 N.E.2d 1104 (Ill. 1992) (upholding grant of summary judgment based on statutory immunity); *Vesey v. Chicago Housing Authority*, 145 Ill.2d 404, 583 N.E.2d 538 (Ill. 1991) (same); *Snyder v. Curran Tp.*, 167 Ill.2d 466, 657 N.E.2d 988 (Ill. 1995) (reversing and remanding appellate court's decision erroneously vacating jury verdict based on immunity).[2] Morever, *West* acknowledged that municipalities are not immune from liability for implementing a "plan or design" that creates an unreasonably unsafe condition. 147 Ill.2d at 13.

The interrogatory answers Mazda introduces may well support its argument that no plan of improvements existed, but at this stage, plaintiffs need only plausibly allege–not prove–the existence of a plan. Although plaintiff did not use the word "plan" in her complaint, a reasonable reading of

---

[2]The court acknowledges that some lower courts have resolved the issue of immunity at the motion to dismiss stage, *see, Santelli v. City of Chicago*, 222 Ill.App.3d 862, 584 N.E.2d 456 (Ill.App.Ct. 1991); *Newsome v. Thompson*, 202 Ill.App.3d 1074, 560 N.E.2d 974 (Ill.App.Ct. 1990).

her allegations is that the City undertook a plan whose execution mandated (i.e., left no discretion to omit), the installation of crash barriers among other measures (as suggested by her use of the phrase "*inter alia*") but negligently failed to take the required measures. Under this interpretation of the allegations, the failure to install a crash barrier is arguably outside the scope of immunity as a ministerial omission. *Herman v. Will Township*, 284 Ill.App.3d 53, 671 N.E.2d 1141, 1145 (Ill.App.Ct. 1996) (citing cases). Another plausible interpretation of plaintiffs' allegations is that the improvements made by the City themselves created an unreasonably dangerous condition. This is a distinct theory of recovery from one that rests upon an alleged failure to initially install crash barriers, and arguably is not barred by Section 3-104. *Santelli v. City of Chicago*, 222 Ill.App.3d 862, 584 N.E.2d 456, 459-60 (Ill.App.Ct. 1991).

In sum, Mazda has not met its heavy burden of demonstrating that plaintiffs' claim has no reasonable possibility of success. Mazda did not, however, lack an objectively reasonable basis for seeking removal. Accordingly, plaintiff's motion for remand is granted, and her request for attorney fees is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 29, 2009

4